(C. D. 1859)

BERGDORF GOODMAN CO. *v.* UNITED STATES·

United States Customs Court, First Division

(Decided March 21, 1957)

*John D. Rode* for the plaintiff.

*George Cochran Doub*, Assistant Attorney General (*Joseph E. Weil*, trial attorney), for the defendant.

Before OLIVER, MOLLISON, and WILSON, Judges

WILSON, Judge: The merchandise in the case at bar consists of coasters, in the form of leaves, made of a vinyl plastic. Duty was assessed at the rate of 45 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T. D. 51802, supplemented by T. D. 51898, as artificial leaves, in chief value of "other" materials, not specially provided for. Plaintiff claims the merchandise is properly dutiable at only 10 per centum ad valorem under paragraph 1558 of the said act, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, supplemented by T. D. 52827, as "Articles manufactured, in whole or in part, not specially provided for."

The provisions of the tariff act, as modified, here under consideration, are as follows:

Paragraph 1518:

| Tariff Act of 1930, paragraph | Description of Articles | Rate of Duty |
|---|---|---|
| 1518 | Artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof:<br> *  *  *  *  *  *  * <br>When composed wholly or in chief value of other materials and not specially provided for:<br> *  *  *  *  *  *  * <br>Other_____ | 45% ad val. |

Paragraph 1558:

| Tariff Act of 1930, paragraph | Description of Products | Rate of Duty |
|---|---|---|
| 1558 | Articles manufactured, in whole or in part, not specially provided for * * *_____ | 10% ad val. |

The case was submitted by both parties on an oral stipulation of fact, in substance as follows:

[1.] * * * that the sample annexed to the official papers * * * correctly represents the imported merchandise and that it may be received in evidence as Exhibit 1. (R. 3.)

[2.]   * * * that the merchandise represented by Exhibit 1 is used solely as a coaster, for protecting tables from moisture or from the heat of hot dishes.   (R. 3.)

Plaintiff's exhibit 1 consists of a flat plastic material, resembling a leaf in form and shape, about one-sixteenth of an inch in thickness and about 5 inches in the cross section.   The sample is yellowish in color and semitransparent.   It is readily pliable and remains flat when laid down.

The question presented here for determination is whether the imported coasters are dutiable as "artificial * * * leaves" within the meaning of that term, as used in paragraph 1518 of the Tariff Act of 1930.   It is the plaintiff's contention in the case at bar that, to be classifiable within the provisions of paragraph 1518, *supra*, an article must not only simulate the natural flower or leaf, etc., but must be, in addition, suitable for the purposes of ornamentation to which the natural article itself may be temporarily devoted.

In *De Waubert, Inc.*, and *N. M. Albert Co., Inc.* v. *United States*, 36 Cust. Ct. 12, C. D. 1747, the merchandise consisted of certain earthenware ornaments, used to decorate other objects, such as mirrors and earthen or metal boxes, by being permanently attached thereto.   It was classified at 45 per centum ad valorem under paragraph 1518 of the Tariff Act of 1930, as modified by the President's proclamation supplementing the General Agreement on Tariffs and Trade, T. D. 51898, as artificial flowers, composed wholly or in chief value of materials other than yarn, threads, etc.   Plaintiffs claimed the involved merchandise properly dutiable at 5 cents per dozen pieces and 25 per centum ad valorem under paragraph 211 of the tariff act, as modified by the trade agreement with Mexico, T. D. 50797, as decorated earthenware.   In upholding the plaintiffs' claim, the court stated:

In support of their claim, the plaintiffs rely upon the case of *Coro, Inc.* v. *United States*, 39 C. C. P. A. (Customs) 154, C. A. D. 478.   In that case, the involved importation consisted of certain costume jewelry, designed to be attached to dresses, coats, and hats of women as ornaments, and was classified under paragraph 1527 (a) of the Tariff Act of 1930, as amended by T. D. 50797, *supra*, and paragraph 1518 of the same act as jewelry in chief value of artificial flowers. A sample of the imported goods received in evidence in the *Coro* case, *supra*, was described in the opinion of the court, at page 156, as follows:

The exhibit is in the form of a pin or brooch.   It is composed of metal and glass.   Aside from the pin portion, the brooch consists of three layers of metal in trefoil form superimposed one on another in successively smaller diameters.   The trefoil portions are black in color with a bright silver-like edging.   In the center of the outer face of the brooch there is mounted on a short post of seemingly cheap metal, a piece of glass with facets thereon like those of a round cut diamond.   The portion of the brooch apart from the pin may be said to be in the form of a conventional flower.

The testimony discloses that the articles are used for costume jewelry designed to be attached to dresses, coats, and hats of women as ornaments.

There is nothing in the record to show that the flower-like portion of the exhibit is ever used by itself or for use in ornamenting wearing apparel.

"The sole question for decision here," said the court, "is whether the involved merchandise consists in chief value of artificial flowers."

Both parties in their briefs in the *Coro* case, *supra*, relied upon the case of *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T. D. 38336. The merchandise involved in that case consisted of "a cluster made of black straw wound into the form of berries or grapes and set on a black-straw leaf attached to a stem made of black straw and metal. * * * a spray of black leaves bearing a black rose. The spray and rose are composed of black straw sewed with black thread to a stiff woven fabric which serves the purpose of a foundation * * *." The court held the involved merchandise properly classifiable as artificial flowers.

In so holding, the court stated:

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

The appellate court, in the *Coro* case, *supra*, differentiated the merchandise then before it from the importation in the *Cochran* case, *supra*, setting forth its views in the following statement:

We desire to draw particular attention to the latter portion of that quotation which determined that, even though the artificial articles possess the attributes and qualities set forth in the previous portion of the quotation, those articles must be such that they "* * * at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

In our opinion, even though it may be said that the involved articles are conventionally flower-like, they are neither appropriate nor suitable for the well-known purposes of ornamentation to which artificial flowers may be temporarily devoted. They are simply costume jewelry in the form of brooches which, omitting the pin portion, may be said to look like the form of some kind of a flower. It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding.

The principle enumerated in the *Coro* case, *supra*, is controlling in the determination of the classification of the merchandise at bar.

While the involved merchandise, as represented by plaintiff's exhibit 1, is conventionally leaflike in design, the stipulation of fact in the case before us that the imported articles are used solely as coasters precludes, in our opinion, a finding that they are "appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted." *De Waubert, Inc.*, case, *supra*.

We, accordingly, hold that the presumption of correctness attaching to the collector's classification of the involved merchandise has been overcome and that the articles at bar are properly dutiable, as claimed,

at the rate of 10 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930, as modified, *supra*, as "Articles manufactured, in whole or in part, not specially provided for." The claim in these protests in this respect is sustained. Judgment will be entered accordingly.