## COCHRAN CO. ET AL. *v.* UNITED STATES (No. 1943).[1]

1. EVIDENCE—PRESUMPTION IN FAVOR OF COLLECTOR'S FINDING.

   The classification by the collector of merchandise composed partly of artificial stem and leaves under paragraph 347, tariff act of 1913, as artificial flowers and leaves used as millinery ornaments, raises a presumption that the artificial stem and leaves are chief value.

2. CONSTRUCTION, PARAGRAPH 347, TARIFF ACT OF 1913—"ARTIFICIAL AND ORNAMENTAL."

   To be classifiable as "artificial and ornamental fruits, grains, leaves, flowers, and stems, or parts thereof," under paragraph 347, tariff act of 1913, it is not necessary that articles should truly represent fruits, grains, leaves, flowers, or stems. It is sufficient if they simulate natural fruits, grains, leaves, flowers, and stems in physical characteristics and appearance closely enough to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits, produced, not by nature but by the hand of man, and, at the same time, are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

3. CONSTRUCTION, PARAGRAPH 368, TARIFF ACT OF 1913—"NATURAL STATE"—DYED STRAW.

   Dyed straw is not in its "natural state" within the meaning of that expression in paragraph 368, tariff act of 1913.

4. MISCELLANEOUS MILLINERY ORNAMENTS.

   Millinery ornaments consisting of straw spheroids in combination with artificial stems and sprays of artificial leaves, having been classified by the collector under paragraph 347, tariff act of 1913, it must be presumed, in the absence of evidence to the contrary, that the leaves and stems are chief value; and they are dutiable under the paragraph as articles in chief value of "artificial and ornamental fruits, grains, leaves, flowers, and stems." Millinery ornaments consisting of clusters of black straw wound into the form of berries or grapes and set on black straw leaves attached to stems made of black straw and metal; and millinery ornaments consisting of sprays of black straw leaves and black straw roses sewed with black threads to a stiff fabric foundation were properly classified as "artificial and ornamental fruits, grains, leaves, flowers, and stems" under the same paragraph. Millinery ornaments in chief value of straw, but not in imitation of fruits, grains, leaves, flowers, and stems, are not dutiable under paragraph 347; such of them as are in chief value of undyed straw are dutiable as manufactures in chief value of straw in its natural state, under paragraph 368, and such of them as are in chief value of dyed straw are dutiable as manufactures not provided for under paragraph 385. Millinery ornaments so crudely and grotesquely fashioned as to be scarcely deserving of the description ornamental and not resembling fruits, grains, leaves, flowers, and stems can not be classified under paragraph 347.

## United States Court of Customs Appeals, March 10, 1920.

APPEAL from Board of United States General Appraisers, Abstracts 42542, 42543, 42602, 42626, and 42647.

[Modified.]

*Brooks & Brooks* (*Ernest F. A. Place* of counsel) for appellants.

*Bert Hanson*, Assistant Attorney General (*Harry M. Farrell*, special attorney, of counsel), for the United States.

---

[1] T. D. 38336 (38 Treas. Dec., 231).

[Oral argument Oct. 8, 1919, by Mr. Place and Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

The R. L. Cochran Co. and A. & H. Veith imported certain articles made of various materials which articles the collector of customs at the port of New York classified as artificial flowers and leaves used as millinery ornaments and assessed for duty at 60 per cent ad valorem under paragraph 347 of the tariff act of 1913, which paragraph in so far as pertinent to the case, reads as follows:

347. * * * Artificial and ornamental fruits, grains, leaves, flowers, and stems or parts thereof, of whatever material composed, not specially provided for in this section, 60 per centum ad valorem; * * * and all articles not specially provided for in this section, composed wholly or in chief value of any of the * * * flowers, leaves, or other material herein mentioned, 60 per centum ad valorem.

Against the classification and assessment made by the collector, the R. L. Cochran Co. filed protests numbered 837745 and 849479, and the A. & H. Veith protests numbered 810372, 810373, 810375, 810376, 810377, 811692, 815438, 816394, and 837727. The protests of both importers claimed that the goods were dutiable at less rates than those imposed and that each of the articles imported should have been assessed for duty according to the component material of chief value either under paragraph 34, 333, 335, or 368. It was further claimed that if the merchandise was not classifiable according to the component of chief value it was dutiable either under paragraph 385 or under paragraph 386.

Protests 837745 and 849479 of the R. L. Cochran Co. were heard by Board 1, the first on December 4, 1917, and the second on February 5, 1918. Both protests cover the merchandise marked on the invoices as items numbered 1012, 1008, and 1298, samples of which merchandise were introduced in evidence and marked Exhibits 1, 2, and 3.

Exhibit 1, item 1012, is a spray of leaves upon which is set one brown and three blue oblate spheroids of different sizes and composed of straw. Whatever the straw spheroids may represent, the spray upon which they are set is clearly composed of an artificial stem and leaves which by virtue of the presumption of correctness attaching to the collector's decision must be regarded as the component of chief value, nothing to the contrary appearing in the record. As the merchandise represented by Exhibit 1, item 1012, must be held to be in chief value of a stem and leaves it was dutiable at the rate assessed under that part of paragraph 347 which provides that all articles composed wholly or in chief value of any of the flowers, leaves, or other materials therein mentioned shall be subject to a duty of 60 per cent ad valorem.

Exhibit 2, item 1008, is a cluster made of black straw wound into the form of berries or grapes and set on a black-straw·leaf attached to a stem made of black straw and metal.

Exhibit 3, item 1298, is a spray of black leaves bearing a black rose. The spray and rose are composed of black straw sewed with black thread to a stiff woven fabric which serves the purpose of a foundation or framework.

It may be that neither exhibit truly represents any natural flower, fruit, leaf, or stem. Nevertheless, both come within the tariff designation of "artificial and ornamental fruits, grains, leaves, flowers, and stems," inasmuch as they are articles which simulate the natural fruit, flower, leaf, or stem in its physical characteristics and appearance sufficiently to cause them in common understanding to be regarded as leaves, stems, flowers, or fruits produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted.

We must hold, therefore, in the absence of any proof of commercial designation, that the goods represented by·both item numbers were properly assessed for duty under paragraph 347.

What has been said of Exhibits 2 and 3, items 1008 and 1298, covered by protests 837745 and. 849479, of the Cochran Co., may be said with equal truth of all the merchandise involved in. the protests of A. & H. Veith, with the exception of the items numbered 1606, 1627, S5915, S5916, S5917, S5918, and 17708. Items 1606 and 1627 are made of·twisted cord so arranged as to make item 1627 a disk and item 1606 a half disk of interlocking loops joined into a solid mass at the center from which springs one or more twisted cords of undyed straw. Items S5915, S5916, S5917, and S5918 are balls of straw attached to twisted cord of the same material. Items S5915 and S5917 are composed of dyed straw and items S5916 and S5918 of undyed straw. Items 1606, 1627, S5915, S5916, S5917, and S5918 may be properly designated as ornaments, but none of them, in our opinion, comes within the category of artificial fruits, flowers, or leaves as those terms are popularly used. We must therefore rule, in the absence of any testimony of commercial designation, that they are not dutiable under paragraph 347. Items 1606, 1627, S5916, and S5918 are dutiable in our opinion at 25 per cent ad valorem under paragraph 368, as manufactures in chief value of straw in its natural state. Items S5915 and S5917 are in chief value of dyed straw, which removes them from the operation of paragraph 368. United States v. Gage Bros. & Co. (8 Ct. Cust. Appls., 306; T. D. 37584); Bayersdorfer & Co. v. United States (4 Ct. Cust. Appls., 446; T. D; 33875); United States v. International Forwarding Co. (8 Ct. Cust. Appls., 378; T. D. 37632). In our opinion, the two last-named items

are dutiable at 15 per cent ad valorem under paragraph 385 as manufactures not provided for.

The goods represented by item 17708 are so crudely made and so near the grotesque that even if they could be considered as ornaments at all they could not be regarded as ornaments producing the decorative effect which distinguishes flowers, fruits, and leaves. People in general, if called upon to identify the articles by name, could hardly assign merchandise of such rough workmanship and unattractive appearance to the class of articles commonly known as artificial flowers, fruits, or leaves.

The decisions of Board 1 as to protests 837745 and 849479, of the R. L. Cochran Co., are *affirmed.* The decisions of Boards 1, 2, and 3, as to the protests of A. & H. Veith, are *reversed* in so far as they hold dutiable as artificial flowers, fruits, or leaves the merchandise identified by the item numbers 1606, 1627, S5915, S5916, S5917, S5918, and 17708, and in all other particulars and as to all other merchandise said decisions are *affirmed.*