438

No. 42421.—Protests 735736–G, etc., of H. Muehlstein & Co., Inc. (New York).

Opinion by McClelland, P. J.   In accordance with stipulation of counsel and on the authority of *Weber* v. *United States* (C. D. 190) the hard-rubber dust in question was held dutiable at 25 percent under paragraph 1537 (b) as claimed.

No. 42422.—Protests 923390–G, etc., of Steinberger Bros. Glove Corp. (New York).

Opinion by McClelland, P. J.   It was found that the French Trade Agreement reduces the rate only on hand-seamed gloves, and as no such gloves were involved herein the protests were overruled.

No. 42423.—Protest 976203–G of F. O. Merz & Co. (New York).

Opinion by McClelland, P. J.   It appeared that the merchandise consists of embossed leather intended for use in the manufacture of small purses.   The claim at 30 percent under paragraph 1530 was sustained.

No. 42424.—Protest 961065–G of Rice, Bayersdorfer Co. (Philadelphia).

Opinion by McClelland, P. J.   It was conceded by both sides that the merchandise consists of artificial flowers composed in chief value of glass.   The sample consisted of a group of three wires, each approximately a foot long, joined together at one end, and for a space of about 2 inches from the joining, wrapped in tinfoil. From that point almost to the end of each of the wires they are covered by a long glass tube which, at regular intervals, has been blown or bulged in such a manner that it appears to be a series of individual beads.   There is, however, no separation between each of the bulges, the entire glass part of the article being in one piece. These bulges were held not to be beads.   The claim at 60 percent under paragraph 1518 was therefore sustained.

No. 42425.—Protest 959070–G of Abercrombie & Fitch Co. (New York).

Opinion by McClelland, P. J.   It was stipulated that the cases in question are in chief value of leather and are intended to accommodate a fishing rod and landing net, fly books, fly boxes, and various articles of fishing tackle of the smaller kind.   The court held that it would be an unreasonable stretch to say that these cases, evidently designed and used as containers for fishing tackle, were themselves classifiable as fishing tackle.   The claim under the provision for cases in chief value of leather at 35 percent under paragraph 1531 was therefore sustained.