**No. 59302.**—Seaboard Import Co., Inc. *v.* United States, protest 201225–K (New York).

OLIVER, Chief Judge: This case relates to merchandise, described on the invoice as "Celluloid Flower," which the collector classified as jewelry under paragraph 1527 (a) (2) of the Tariff Act of 1930, as modified by T. D. 51802, and assessed with duty at the rate of 55 per centum ad valorem. Plaintiff claims that the articles are properly classifiable as artificial flowers under paragraph 1518 of the Tariff Act of 1930, as modified by T. D. 51802, supplemented by T. D. 51898, with duty assessment at the rate of 45 per centum ad valorem.

The sole witness was the treasurer and purchasing agent of the plaintiff corporation, a manufacturer and importer of costume jewelry and related articles. He stated that the article in question is a "celluloid floral spray" which he has sold under the designation "Floral boutonniere spray" to "the five and ten cent stores, to millinery jobbers, who in turn sell it to millinery hat people, to the dress trade for ornamentation, to the belt people, to handkerchief people, people like that." (R. 8.) The witness testified further that the flower portion of the article imitates a carnation and that he has seen it used on dresses, on millinery for hats, on purses, handkerchiefs, "anything that possibly might take a floral spray." He stated that he has never used the merchandise in question in the manufacture of jewelry and that he has never sold it as a piece of jewelry.

The sample in evidence, plaintiff's exhibit 1, supports plaintiff's testimony. It consists of a small white flower, simulating a carnation, to which are attached three small leaves and a short stem, all being concededly composed of celluloid. Permanently secured thereto is a metal safety pin, approximately 1½ inches in length, which obviously makes the article susceptible of the uses stated by plaintiff.

The case of *Cochran Co. et al.* v. *United States,* 10 Ct. Cust. Appls. 62, T. D. 38336, is controlling herein. In that case, the appellate court held to the effect that classification of merchandise as artificial flowers shall apply to articles which simulate the natural flowers "produced not by nature, but by the hand of man, and which at the same time are appropriate and suitable to be used for those purposes of ornamentation to which the natural products may be temporarily devoted."

Plaintiff's uncontradicted testimony, coupled with the sample, exhibit 1, *supra,* is sufficient to establish, *prima facie* at least, that the merchandise in question is properly classifiable as artificial flowers under the *Cochran Co. et al.* case, *supra.* Accordingly, we hold the article under consideration to be dutiable at the rate of 45 per centum ad valorem under paragraph 1518, as amended, *supra,* as claimed by plaintiff.

The case of *Coro, Inc.* v. *United States,* 39 C. C. P. A. (Customs) 154, C. A. D. 478, cited by defendant to support the collector's classification, has no application herein. The distinction between that case and the present case is abundantly clear from the following language employed by the appellate court, excluding the merchandise there under consideration from classification as artificial flowers. In the *Coro, Inc.,* case, *supra,* the court stated:

> In our opinion, even though it may be said that the involved articles are conventionally flower-like, they are neither appropriate nor suitable for the well-known purposes of ornamentation to which artificial flowers may be temporarily devoted. They are simply costume jewelry in the form of brooches which, omitting the pin portion, may be said to look like the form of some kind of a flower. It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding.

Other cases cited in defendant's brief have been carefully considered and found to be distinguishable from the present one. It is deemed unnecessary to review them in detail.

For all of the reasons hereinabove set forth, the protest is sustained, and the decision of the collector is reversed. Judgment will be rendered accordingly.