(C. D. 2496)

Alex Block & Company v. United States

United States Customs Court, First Division

(Decided December 10, 1964)

*Schwartz & Lidstrom* (*Earl R. Lidstrom, Joseph Schwartz,* and *Barnes, Richardson & Colburn* of counsel) for the plaintiff.

*John W. Douglas,* Assistant Attorney General (*Charles P. Deem,* trial attorney), for the defendant.

Before Oliver and Wilson, Judges

Wilson, Judge: Plaintiff in this case limited its protest to an item described on the commercial invoices as a "Silk Ball," designated as No. 14093–B.

The imported merchandise was classified under paragraph 1518(a) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865, and T.D. 53877, as artificial fruit in chief value of yarns, threads, and filaments and was assessed with duty at the rate of 50 per centum ad valorem. The imported articles are claimed properly duitable under paragraph 1312 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 30 per centum ad valorem and 25 cents per pound, as manufactures of rayon filaments, fibers, yarns, or threads, not specially provided for. Plaintiff's claim under paragraph 1211 of the tariff act for manufactures of silk was abandoned.

The only evidence introduced in the case consists of plaintiff's exhibit 1, a representative sample of the involved merchandise, and the testimony of Alex W. Block, sole owner of the plaintiff company. Plaintiff's exhibit 1 is a round object in the shape of a ball, about 2 inches in diameter, having on top six leaves with somewhat berry-like

stems. It does not appear to imitate any artificial flower. In substance, Mr. Block's testimony is to the effect that the importation, of which exhibit 1 is a representative sample, is sold to department stores, chain stores, and variety stores during the Christmas season for use as a decoration on Christmas trees in homes and stores. It was stipulated between the parties "that the component material of chief value of article 14093–B is rayon fibers, filaments, threads, or yarns" (R. 5).

Paragraph 1518(a), as modified, *supra*, insofar as applicable to this case, reads as follows:

> Artificial or ornamental fruits, vegetables, grasses, grains, leaves, flowers, stems, or parts thereof:
>> Composed wholly or in chief value of yarns, threads, filaments, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile_____ 50% ad val.

Paragraph 1312, as modified, *supra*, reads as follows:

> Manufactures of filaments, fibers, yarns, or threads, of rayon or other synthetic textile, and textile products made of bands or strips (not exceeding 1 inch in width) of rayon or other synthetic textile, all the foregoing, wholly or in chief value of rayon or other synthetic textile, not specially provided for * * *_____ 25¢ per lb. and 30% ad val.

Obviously, an inspection of plaintiff's exhibit 1, a representative sample of the imported merchandise, indicates that it is not an artificial flower, nor can it be said to be an artificial grain, grass, leaf, stem, vegetable, or a part of any of said items. It must be determined, therefore, whether or not the merchandise should be classified as artificial or ornamental fruits, wholly or in chief value of the materials itemized in paragraph 1518(a) of the tariff act, *supra*.

The plaintiff relies upon the case of *Joseph Markovits, Inc.* v. *United States*, 45 Cust. Ct. 151, C.D. 2216, decided by this court November 14, 1960. In that case, certain merchandise consisting of glass balls on chenille-covered stems were classified under paragraph 1518 of the Tariff Act of 1930, as modified by T.D. 53865, supplemented by T.D. 53877, as artificial fruits, not specially provided for. They were claimed by the plaintiff to be dutiable under paragraph 218(f) of the act, as modified, *supra*, at 30 per centum ad valorem as "articles, not specially provided for, in chief value of colored glass and valued not over $1.66⅔ each." The parties stipulated that the involved merchandise was in chief value of colored glass and was valued at not more than $1.66⅔ each. In that case the court said at page 153:

> The issue here for determination is whether or not the imported glass balls on chenille stems, as represented by plaintiff's collective illustrative exhibit 1, are artificial fruits. The test for classification of merchandise in cases of this character has been stated to be whether the involved article may be regarded as an artificial flower "in common understanding." In the case of *Mottahedeh Creations, Ltd., et al.* v. *United States*, 43 Cust. Ct. 9, C.D. 2095, this court, in resolving the issue such as here presented, at page 16, referred to the decision

of our appellate court in *Marshall Field & Co.* v. *United States*, 45 C.C.P.A. (Customs) 72, C.A.D. 676, and stated as follows:

> \* \* \* "A man-made article is an artificial flower if it looks enough like a flower (real or imaginary) to be regarded as an artificial flower 'in common understanding'." *Marshall Field & Co.* case, *supra.* \* \* \*

In the *Markovits* case, *supra*, this court quoted the elementary rule that "Samples are potent witnesses," and then went on to state, page 155:

> \* \* \* A visual inspection of the representative sample, plaintiff's collective illustrative exhibit 1, persuades us that the imported merchandise does not simulate any natural fruit either in appearance or in physical characteristics so as to be regarded as artificial fruits within the common understanding. As heretofore noted, the involved item is used either in making up a Christmas corsage as a Christmas decoration or is also used to decorate packages, obviously as a ribbon might be used on a package for decorative purposes, which uses are not those for which natural fruits are normally used nor are they the uses of close imitations of natural fruits. The mere fact that an article can be used for ornamental purposes does not necessarily make it an artificial flower or fruit, even though it has some other flower or fruitlike characteristics. *Marshall Field & Co.* case, *supra*. The glass balls here involved do not, in our opinion, even crudely resemble any natural fruit. We cannot leave their acceptance as artificial fruit to mere speculation. \* \* \*

In the *Marshall Field* case, *supra*, handed down by our appellate court January 22, 1958, the oft-quoted cases of *Cochran Co. et al.* v. *United States*, 10 Ct. Cust. Appls. 62, T.D. 38336, and *Coro, Inc.* v. *United States*, 39 CCPA 154, C.A.D. 478, as well as other leading cases on the question prior to 1958, were reviewed inasmuch as the court thought that some misunderstanding as to the holdings in previous cases seemed evident and that "a fresh look at the situation would seem to be in order." In fact, the court said in the *Marshall Field* case, *supra*, that "on a case by case basis, the court construes and sets the limits of the statutory language by a process of inclusion and exclusion." "It is by this process," said the court, "that we determine 'common meaning,' which it is our province to do and as to which we are bound by no evidence."

The court then summarizes the situation, page 81, as follows:

> It will be seen from the cases above mentioned that many different factors were taken into consideration in determining whether the articles in each case were artificial fruits or flowers. These factors were not limited to the two questions of closeness of simulation and suitability to the ornamental uses of real flowers referred to in the *Cochran* opinion but included others such as size, primary function, other recognized names, uses and applicable tariff act provisions, and ordinary common sense. The situation must be viewed as a whole.

In viewing the sample of the merchandise in evidence, plaintiff's exhibit 1, and applying to it the test of "common understanding," as composed of the various items referred to by the *Marshall Field* case, *supra*, we are of the opinion that the merchandise does not consist of

artificial fruits as that term is intended to be understood by the Tariff Act of 1930.

We are further of the opinion and hold that the involved merchandise is properly classifiable under paragraph 1312 of the Tariff Act of 1930, as modified by the Sixth Protocol to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 25 cents per pound and 30 per centum ad valorem, as manufactures of rayon filaments, fibers, yarns, or threads, not specially provided for, as claimed. As to all other merchandise and all other claims, the protest is overruled.

The protest claim in this case is sustained.

Judgment will issue accordingly.