**JOSEPH MARKOVITS, INC.**

v.

**UNITED STATES.**

**C. D. 3024; Protest Nos. 62/10164–17259–61.**

United States Customs Court, First Division.

June 7, 1967.

Barnes, Richardson & Colburn, New York City (Earl R. Lidstrom and Joseph Schwartz, Chicago, Ill., of counsel), for plaintiff.

Carl Eardley, Acting Asst. Atty. Gen. (Alfred A. Taylor, Jr., Charles P. Deem, New York City, Trial Attys.), for defendant.

Before OLIVER, WATSON, and BECKWORTH, Judges.

WATSON, Judge.

The subject merchandise in the case at bar consists of two items, No. 70930 and No. 3101, described respectively on the invoice as "Beads cluster" and "Glass beads cattail." The items in question were classified as artificial flowers, at the rate of 50 per centum ad valorem under paragraph 1518(a) of the Tariff Act of 1930, as modified by the Protocol of Terms of Accession by Japan to the General Agreement on Tariffs and Trade, T.D. 53865 and T.D. 53877, as artificial flowers, wholly or in chief value of beads.

Plaintiff claims the items are properly dutiable under paragraph 1503 of the said act, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 25½ per centum ad valorem as articles in chief value of beads. Alternatively, plaintiff claims the invoiced items are properly dutiable at the rate of 30 per centum ad valorem under paragraph 218(f) of the tariff act, as modified by T.D. 53865 and T.D. 53877, as articles of every description, not specially provided for, composed wholly or in chief value of glass, or at the rate of 21 per centum ad valorem under paragraph 230(d) of the Tariff Act of 1930, as modified by T.D. 54108, as glass, and manufactures of glass, or of which glass is the component material of chief value.

The record herein consists of certain exhibits and the testimony of one witness for the plaintiff and one witness for the defendant.

Plaintiff's exhibit 1 is a sample which, except for color, is representative of the

"Bead cluster," item No. 70930. The sample consists of a number of glass spheres, each measuring approximately ⅜ of an inch in diameter and having two openings opposite one another. A wire passes through the openings, is bent around the sphere, and the ends of the wire are wrapped one around the other. Plaintiff's exhibit 2 is the item No. 3101, described as the beaded cattail. In this connection, it is noted that plaintiff's exhibit 2 is missing from the file containing the exhibits in this case. It further appears that a diligent search by members of the staff of the court has failed to unearth this sample, and that trial counsel for the attorneys for the plaintiff has advised that he has been unable to obtain a representative substitute sample of the missing item.

Defendant's collective exhibit A consists of seven beaded corsages in various colors, manufactured by the concern with which defendant's witness was employed and alleged to be of the same size as those in plaintiff's exhibit 1. Some of the corsages in this exhibit contain other articles, "put together," such as ribbons and bells, etc. (R. 17–18).

Plaintiff called as its witness, Mr. Louis Bronstein, general manager of Joseph Markovits, Inc., importer in the artificial and novelty flower field. (R. 4). He stated that, in such capacity, he is concerned with administrative duties and also with sales to various customers, supervising the placing of orders for imports, and thus familiar with the items imported by his company, including item Nos. 70930 and 3101 herein involved. (R. 4–5). Mr. Bronstein stated, with respect to plaintiff's exhibit 1, that the item involved therein is the individual cluster, not the bunch, and that the merchandise was purchased by individual items. (R. 6).

Referring to item 3101 (plaintiff's exhibit 2), plaintiff's witness stated that that item consisted of "a string of beads, usually either four or five such strings joined to a central stem (R. 7); and that, except for color, plaintiff's exhibit 2 is representative of item No. 3101.

(R. 8) At this juncture, Government counsel, having had plaintiff's exhibit 2 identified as being representative of that type of item here imported, stated that, "under the circumstances," the classification of the item as in chief value of beads "was apparently incorrect and that it should have been classified under paragraph 1518, as artificial flowers, or fruits, or leaves, or stems, in chief value of other materials, at the rate of 35 per cent." (R. 9). Counsel described item 3101 as "an artificial cattail" (R. 10) which appears on a willow bush, "a type of thing people used to use for torches." (R. 11).

On cross-examination, Mr. Bronstein testified that, while he had not seen plaintiff's exhibit 2 used in any house as a Christmas decoration, it could be so used and that, from his business experience, that was the purpose for which such an item was imported, namely, "as a novelty Christmas item." (R. 12–13). With respect to plaintiff's exhibit 1, the witness testified that it could have several uses: As a package decoration, as used in the home, and, thirdly, in the manufacture of corsages (R. 13) and that, except for decorative or ornamental purposes, plaintiff's exhibits 1 and 2 have no other function. Mr. Bronstein reiterated that the use of item No. 70930 "was of one individual cluster, not the group." (R. 14).

Defendant called as its witness, Mr. Richard Lerner, asociated with the firm of Canevari & Lerner, the business of which concern is to manufacture flowers to be worn as corsages, and also to "assemble Christmas corsages by buying parts from the importers." (R. 15). His company sells such corsages to wholesalers, who resell them to department stores. (R. 15). He was familiar with plaintiff's exhibit 1 by reason of his company buying the item from a firm called Marlene, a subsidiary of the plaintiff herein. Mr. Lerner testified that the seven beaded corsages in defendant's collective exhibit A were manufactured by his firm, using articles such as the "beads cluster" at issue here pur-

chased from Marlene and stated that the beaded items on defendant's collective exhibit A "were the same size as those in exhibit 1" in various colors. (R. 16). The witness then stated that his company does not use items such as those in plaintiff's exhibit 1 for any purpose other than mixing them with other items (R. 17) and that on the corsages there are other articles such as ribbons and bells. (R. 17–18).

The determination as to what constitutes "artificial or ornamental fruits, * * * leaves, flowers, stems or parts thereof," as provided for in paragraph 1518(a) of the Tariff Act of 1930, as modified, supra, has been the subject of numerous decisions of both the United States Customs Court and the Court of Customs and Patent Appeals. One of the latest expressions by our appellate court in this matter may be found in the case of Marshall Field & Co. v. United States, 45 CCPA 72, C.A.D. 676, to which our attention has been directed by both parties of this controversy.

In the *Marshall Field* case, supra, the involved merchandise consisted of two types: certain "Iron Works, Metal fruits w/leaves.," consisting of a three-dimensional, realistic representation of a stem, about 6 inches long, to which were affixed four short branches, three of which had representations of leaves on them about 3 inches long, and the fourth having an object about 8 inches in circumference attached thereto which looked like a small pomegranate with a segment of outer skin removed, exposing the inner cells. The color of the whole was that of slightly rusty iron. Also under consideration was merchandise described as "Iron pictures of 4 seasons flowers," the framed representation of which consisted of simulated flower stems from which ran a number of branches bearing leaves. In holding the involved merchandise was not properly classifiable under the provisions of paragraph 1518 of the tariff act, our appellate court therein, page 81 stated:

We hold, on the ample evidence before us, that the metal fruit with

leaves exemplified by Exhibit 1 is not in the category of "artificial fruits," as classified, because in our judgment it is properly described as a wrought iron wall decoration using a fruit and leaf motif. We believe that the common understanding of the term "artificial fruit" does not encompass such iron objects, particularly when their overall color is that of oxidized iron so as to give the observer the distinct and immediate impression that it is a work of wrought iron, to be used where it is desired to add a touch of wrought iron to the interior décor, not where one would normally use real fruit or close imitations thereof in form and color.

The "iron pictures" exemplified by Exhibit 2 we hold are not in the category of "artificial flowers" wherein they were classified. They are a species of three-dimensional monochrome pictorial compositions mounted in frames and are obviously to be used as framed pictures are used, hanging on a wall as testified. This is not the use to which real flowers are normally put, nor the close imitation thereof which might be mistaken therefor.

The court in the *Marshall Field* case, supra, in its decision, reviewed numerous cases decided by it involving the interpretation of paragraph 1518 of the tariff act, and referring specifically to the case of Cochran Co. et al. v. United States, 10 Ct.Cust.App. 62, T.D. 38336, at page 80 of its decision, stated:

The *Cochran* case does not really lay down any "rule" or "test" different from the basic rule that common understanding of the meaning of the words controls. Though more verbose, an analysis of the quoted paragraph will show that when boiled down all the Court of Customs Appeals there said was that a *man-made article is an artificial flower if it looks enough like a flower (real or imaginary) to be regarded as an artificial flower "in common understanding"*. * * *

and at page 81, the court in the *Marshall Field* case, supra, stated as its conclusion from a review of the previous decisions as follows:

It will be seen from the cases above mentioned that many different factors were taken into consideration in determining whether the articles in each case were artificial fruits or flowers. These factors were not limited to the two questions of closeness of simulation and suitability to the ornamental uses of real flowers referred to in the *Cochran* opinion but included others such as size, primary function, other recognized names, uses and applicable tariff act provisions, and ordinary common sense. The situation must be viewed as a whole.

Plaintiff directs our attention to the case of Henry A. Wess, Inc. v. United States, 55 Cust.Ct. 196, C.D. 2575. That case involved certain "Kokato Rose Lamps," composed of two different size plastic baskets, round or oval in shape, each with an electric cord. The baskets contained from one to three artificial roses (stems, leaves and flowers), with an electric plug at the stem end designed to be plugged into an electric socket at the bottom of the basket. The rose buds included small bulbs which light up when an electric connection is made by plugging the cord from the basket into an electrical outlet. The merchandise there in question was classified under paragraph 1518(a) of the Tariff Act of 1930, as modified, under the provision therein for articles not specially provided for, in chief value of artificial flowers, composed of "other" materials. The court held the merchandise properly classifiable under paragraph 31(a) (2) of the act, as modified, as articles of which cellulose acetate is the component material of chief value, not specially provided for, one of the claims in the protest. In so holding, the court in the *Henry A. Wess, Inc.* case, supra, stated that whether or not an article is an artificial flower, etc., is to be determined by its *per se* character, and held in effect that the ornamental embellishment of the in-

volved articles was merely secondary and not sufficient to place them in the category of artificial or ornamental flowers as contemplated by paragraph 1518(a). On appeal, the decision of this court in the *Henry A. Wess*, case, supra, was affirmed in United States v. Henry A. Wess, Inc., decided March 9, 1967, 54 CCPA ——, C.A.D. 903. In our opinion, the merchandise represented by item No. 70930 is likewise precluded from classification under paragraph 1518(a), supra. Its *per se* character is not that of an artificial flower, and its use for ornamental purposes does not in and of itself render it subject to classification as an artificial flower.

It is well settled that a sample is a potent witness. In this connection, the holding of the court in the case of Joseph Markovits, Inc. v. United States, 45 Cust. Ct. 151, C.D. 2216, appears pertinent in our present determination. There, certain glass balls on chenille-covered stems, which were classified under paragraph 1518 of the Tariff Act of 1930, as modified, as artificial fruits, not specially provided for, were held properly classifiable under paragraph 218(f) of the act, as modified, as articles, not specially provided for, in chief value of colored glass, as claimed. In its decision, the court, page 155 therein, stated:

Samples are potent witnesses. United States v. The Halle Bros. Co., 20 C.C.P.A. (Customs) 219, T.D. 45995. A visual inspection of the representative sample, plaintiff's collective illustrative exhibit 1, persuades us that the imported merchandise does not simulate any natural fruit either in appearance or in physical characteristics so as to be regarded as artificial fruits within the common understanding. As heretofore noted, the involved item is used either in making up a Christmas corsage as a Christmas decoration or is also used to decorate packages, obviously as a ribbon might be used on a package for decorative purposes, which uses are not those for which natural fruits are normally used nor are they the uses of close imita-

tions of natural fruits. The mere fact that an article can be used for ornamental purposes does not necessarily make it an artificial flower or fruit, even though it has some other flower or fruitlike characteristics. *Marshall Field & Co.* case, supra. The glass balls here involved do not, in our opinion, even crudely resemble any natural fruit. We cannot leave their acceptance as artificial fruit to mere speculation. Our appellate court, in Coro, Inc. v. United States, 39 C.C.P.A. (Customs) 154, C.A.D. 478, in resolving the proper classification of certain costume jewelry in the form of brooches, designed to be attached to women's wearing apparel as ornaments, stated:

    * * * It would tax the imagination to picture such articles as being artificial flowers in accordance with common understanding.

    ▮ The collector in this case classified and assessed duty on item 70930 under that portion of paragraph 1518(a) of the Tariff Act of 1930, as modified, as artificial flowers in chief value of beads. He necessarily found as the basis of his assessment that this item is in chief value of beads. A visual examination of the item in question and the testimony in this case persuade us that the merchandise covered by this item is not an artificial or ornamental flower. While plaintiff's witness conceded that the item is used to decorate packages during the Christmas season and defendant's witness testified that he uses articles like plaintiff's exhibit 1 to manufacture Christmas corsages by combining this merchandise with bells, ribbons, or artificial flowers, we are of opinion, as held in the *Markovits* case, (C.D. 2216) supra, and in the *Marshall Field* case, supra, that the fact that an article is ornamental does not necessarily make it an artificial flower or fruit even if it should have some other flower or fruitlike characteristics. See, to the same effect, the holding of the court in Alex Block & Company v. United States, 53 Cust.Ct. 202, C.D. 2496; and Alpine Importers of Calif. v. United States, 55

Cust.Ct. 81, C.D. 2555. Item No. 70930 does not, in our opinion, resemble any known natural flower, and we are of opinion that it would not be considered as such within "common understanding." (Coro Inc. v. United States, 39 CCPA 154, C.A.D. 478). We are not here passing upon the question as to whether an item such as that represented by defendant's exhibit A, which is not the merchandise here imported, would be considered an artificial flower or fruit.

    ▮ Counsel for the Government contends in its brief that, should the court find that the imported item 70930 (plaintiff's exhibit 1) is not properly dutiable as an artificial or ornamental "flower," then it is properly classifiable under the provisions of paragraph 1529(a) of the act, as modified, supra at the rate of 42½ per centum ad valorem as an "ornament." Plaintiff, as heretofore noted, claims that the imported articles are properly classifiable as manufactures of "beads."

Paragraph 1529(a) of the Tariff Act of 1930, provides:

    * * * and articles * * * ornamented with beads * * *; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished (except materials and articles provided for in paragraph * * * 1518 * * * *) by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this act, when composed wholly or in chief value of * * * beads * * *.

Paragraph 1529(a) of the Tariff Act of 1930, as modified by T.D. 54108, provides:

    All-overs, edgings, flouncings, flutings, fringes, galloons, gimps, insertings, neck rufflings, ornaments, quillings, ruchings, trimmings, and tuckings, * * * ....42½% ad val.

In this connection, defendant in its brief directs our attention to the holding of the court in the cases of United States v. C. I. Penn, 27 CCPA 242, C.A.D. 93, and

United States v. Bullocks, Inc., 24 CCPA 41, T.D. 48330. We have reviewed those cases and are, of course, in accord with the rule enunciated therein, and as advanced by the defendant in this case, that paragraph 1529(a) of the Tariff Act of 1930 invades all other parts of the act except such paragraphs as were specifically excepted (*Bullocks, Inc.* case, supra). However, while paragraph 1529(a) of the tariff act may invade paragraph 1503 of said act, to be classifiable under the former provision, merchandise must be specifically embraced therein. Paragraph 1529(a) covers, *inter alia,* articles ornamented *with* beads. Paragraph 1503 of the act provides, *inter alia,* for articles not ornamented with beads. Accordingly, the question whether or not an article is or is not ornamented *with* beads becomes relevant.

On the question of the applicability of paragraph 1529(a) of the tariff act to the imported merchandise, the cases of United States v. Metro Bag Works, 17 CCPA 145, T.D. 43472, and United States v. P. C. Kuyper & Co., 22 CCPA 536, T.D. 47531, and the pronouncements made by our appellate court therein are, in our opinion, particularly pertinent in resolving the question whether item No. 70930 herein (plaintiff's exhibit 1) should be classified under the provisions of paragraph 1529(a), supra.

In the *Metro Bag Works* case, supra, the merchandise consisted of ladies' unfinished handbags in chief value of beads, with loops of beads suspended from the bottom of the bag. The handbags in question were assessed under predecessor paragraph 1430 of the Tariff Act of 1922 for " * * * fabrics and articles * * *, or ornamented with beads, * * * composed wholly or in chief value of * * *, beads, * * *." They were claimed properly dutiable under paragraph 1403 of said act as " * * * fabrics and articles not ornamented with beads, * * * composed wholly or in chief value of beads * * *." The Government therein contended that the hanging beads on the bottom ornament the bags, being placed there solely for the purpose of ornamentation, and that the bags were, therefore, articles "ornamented with beads," while the importer contended that, notwithstanding the hanging beads were "ornamental, they were used as a component material in the manufacture of an ornamental article, and can not, therefore, be said to be an ornamentation." In holding the merchandise dutiable as assessed, the court in the *Metro Bag Works* case, supra, 17 CCPA at page 148, stated:

These cases plainly indicate the rule to be followed in such cases. If the article itself is so composed of beads, however ornamental in character they may be, that those beads constitute a material and necessary portion of the article itself, and without which there would be no article, then the article can not be said to be ornamented with beads, so as to bring it within the scope of paragraph 1430; but if beads are used in such a way as to constitute an ornamentation added to or superimposed upon the article, then the article may be said to be ornamented with beads, within the meaning of said paragraph.

The hand bags before us come within the latter classification. The small beaded loops are ornamental and are doubtless added for that purpose. They form no necessary or essential part of the bags themselves. The bags would still be bead bags if the loops were detached. Hence they come fairly within the reasoning of the *Heller* [U. S. v. Heller, 13 Cust.Ct.App. 227] and *Saks* [U. S. v. Saks, 13 Cust.Ct. App. 367] cases, supra, and are plainly covered by said paragraph 1430.

In United States v. P. C. Kuyper & Co., supra, certain bead necklaces and bead bracelets, composed in chief value of beads, were classified by the collector under the jewelry provision in paragraph 1527(a) (2) of the Tariff Act of 1930.

The importer claimed the merchandise properly dutiable under paragraph 1529 (a) of the act as articles ornamented

with beads in chief value of beads. The court in that case referred to the *Metro Bag Works* case, supra, as pertinent in the disposition of the issue. The court therein, reversing the judgment of the trial court, held the involved merchandise dutiable as jewelry under paragraph 1527(a) (2) of the act, as assessed, and not as articles ornamented with beads, in chief value of beads, as claimed. In its decision, the court, page 540–541, stated:

It is our view that if the articles are in chief value of beads and are ornamented with beads, they are more specifically provided for in paragraph 1529(a) than in the jewelry paragraph and the issues in this case are determined by our decisions in United States v. Metro Bag Works, supra, and United States v. New York Merchandise Co., supra. See also Trimming Clearing House v. United States, 18 C.C.P.A. (Customs) 96, T.D. 44064. * * *

It will be noted that all the articles at bar are highly ornamental in character and that they are designed and used for ornamental purposes. It is at once apparent that it is not always easy to determine when a highly ornamental article of a given material can be said to be ornamented with the same material within the meaning of the controverted provision. In other words, it is difficult to determine where the claimed ornamental part begins and the remainder of it ends. We do not mean, however, to suggest that an ornamental article in chief value of beads may not be ornamented with beads. All visible parts of the articles at bar are highly ornamental and we see nothing in the parts of the articles which are claimed to respond to the term "ornamented with beads" which would justify the conclusion that the articles are so ornamented. From the mere fact that more beads are used in constructing the articles at bar than were necessary to make one kind of a complete bead necklace it need not be necessarily concluded

that a beaded article has been ornamented with beads.

▮ In our opinion, the principle set forth by the court in the *Metro Bag Works* and *P. C. Kuyper* cases, supra, has equal application in determining whether or not item No. 70930 herein (plaintiff's exhibit 1) should be classified under paragraph 1529(a), supra. Item No. 70930, unlike the merchandise in the *Metro Bag Works*, case, supra, is not, in our opinion, an article ornamented with beads. Here, the beads in question are not added to or superimposed upon the "article" in such a way as to constitute purely an ornamentation. The item in question constitutes "a material and necessary portion of the article itself" and "without which there would be no article." The holding in the *P. C. Kuyper* case, supra, likewise supports our finding herein that the involved item No. 70930 should not be classified under paragraph 1529(a) supra, as claimed by the defendant. Said item is properly classifiable under paragraph 1503 of the Tariff Act of 1930, as modified, as an article wholly or in chief value of beads, as claimed by the plaintiff herein.

▮ It is most unfortunate that the court in this case does not have the benefit of viewing plaintiff's exhibit 2, as representative of item No. 3101 here involved. With respect to the merchandise represented by item 3101 invoiced as "Glass beads cattail," counsel for the Government at the trial stated as follows:

Mr. Deem: At this juncture the Government would like to state that under the circumstances here, having had this identified in open court as being representative, that the classification of this as in chief value of beads was apparently incorrect, and that it should have been classified under paragraph 1518, as artificial flowers, or fruits, or leaves, or stems, in chief value of other materials, at the rate of 35 per cent. [R. 9.]

The classification by the Government of the merchandise represented by item No.

3101 as being "in chief value of beads" is, in such respect, deemed by the court to be disavowed. Hoyt, Shepston & Sciaroni et al. v. United States, 57 Cust.Ct. 202, C.D. 2762.

Plaintiff in this case at bar, contending that the "hollow glass pieces on the 'beaded cattail' (item no. 3101) are beads within the contemplation of paragraph 1503," cites a number of cases on the question. We are, of course, in agreement with the holding of the court in United States v. General Transport Co., 22 CCPA 446, T.D. 47440, and Eitinger Bead Co., Inc., et al. v. United States, 24 Cust.Ct. 428, Abstract 54251, as to what constitutes "beads" for tariff purposes. The case of Rice, Bayersdorfer Co. v. United States, 3 Cust.Ct. 438, Abstract 42424, is also cited by the plaintiff herein specifically with regard to the court's holding that a 10-inch long tube "is not a 'bead' even though 'crimped' or 'bulged'." The plaintiff in this connection contends that "there is a marked distinction between the 'tube' and the short crimped or bulged pieces involved in the present case."

■ Without the benefit of an examination of the sample (plaintiff's exhibit 2), we are unable to determine whether or not item No. 3101 in the case at bar differs, in physical characteristics from the item involved in the *Rice, Bayersdorfer* case, supra, so as to make a determination that the merchandise represented by item No. 3101 is also "beads" and, in addition, is "in chief value" thereof. However, regardless of whether it has been satisfactorily established that exhibit 2 consists of "beads" and is in chief value of the item, plaintiff still had the burden of establishing that such merchandise does not consist of "artificial flowers." Aside from what might be disclosed by an examination of the sample, we are of opinion, that the testimonial record in this case does not support plaintiff's claim with respect to item No. 3101.

■■ While there is no concession by the plaintiff in this case, as there appears to have been made in the *Rice, Bayersdorfer* case, supra, that the merchandise represented by item No. 3101 consists of "artificial flowers," there is, on the other hand, no affirmative testimony on plaintiff's part to establish that such merchandise does not consist of artificial flowers within the "common understanding." The greater part of the testimony of plaintiff's witness in the case at bar concerning this item, was to the effect that such item consisted of "a string of beads," (R. 7) used for ornamental purposes. No further testimony was adduced by plaintiff to overcome the presumption of correctness that item No. 3101 was an artificial flower, as classified.

Plaintiff in its brief makes reference to the disclaimer by defendant's counsel with respect to the classification of item No. 3101 and, in connection with the various claims by plaintiff herein, states in answer to such disavowal as follows:

* * *, if the bare statement of counsel is accepted in preference to all of the above then his *entire* statement should be applied and judgment entered for the plaintiff under paragraph 1518 at the rate of 35%. (R. 9.) [Italics quoted.]

However, inasmuch as no claim was made in the protest for classification of the involved item under paragraph 1518 of the act at the rate of 35 per centum ad valorem, as artificial flowers composed of other materials, the protest is overruled without affirming the classification made by the collector with respect to this item.

On the basis of the record here presented, we hold that the merchandise represented by item No. 70390 is properly dutiable under paragraph 1503 of the Tariff Act of 1930, as modified, at the rate of 25½ per centum ad valorem as articles, wholly or in chief value of beads, as claimed. Judgment will issue accordingly.