(C.D. 4462)

RICE-BAYERSDORFER Co. *v.* UNITED STATES

(Decided July 26, 1973)

*Allerton deC. Tompkins* for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Alan Robert Naftalis, Andrew P. Vance* and *David B. Greenfield*, trial attorneys), for the defendant.

FORD, Judge: This case involves the proper classification of certain Christmas ornaments of glass. They were invoiced as "glass bead cattail" with various style numbers and letters designating the color. The merchandise was classified under the provisions of item 545.85, Tariff Schedules of the United States, as modified by T.D. 68–9, and assessed with duty at the rate of 36 per centum ad valorem.

Plaintiff contends the imported articles are properly subject to duty at the rate of 10.5 per centum ad valorem under the provisions of item 545.81, Tariff Schedules of the United States, as modified by T.D. 68–9.

The pertinent statutory language involved provides as follows:

Schedule 5, part 3, subpart C:

| | | |
|---|---|---|
| | Christmas ornaments of glass: | |
| 545.81 | Beads _____ | 10.5% ad val. |
| | Other: | |
| 545.85 | Valued not over $7.50 per gross__ | 36% ad val. |

The record consists of the testimony of two witnesses, one called on behalf of each of the parties, as well as three exhibits received on behalf of plaintiff representing various styles of the imported merchandise. A sample of a string of glass beads stipulated to have been imported by plaintiff and classified under item 545.81, Tariff Schedules of the United States, was received on behalf of defendant as exhibit A. A subpoena which was issued to obtain the presence of defendant's witness, Hayden, was received as defendant's exhibit B.

Bernard Ellis, secretary-treasurer of plaintiff corporation, testified that he acted as buyer for plaintiff for approximately 15 years and is familiar with the imported merchandise such as plaintiff's exhibits 1 through 3. Such merchandise, according to the witness, is sold as "glass bead cattails" or "glass bead sprays." The term "bead" is used in conjunction with these articles because they are strung on wire. Mr. Ellis then stated that he has never seen a Christmas ornament that was composed of only bead. Beads must be strung.

The imported articles are made up of cylindrical blown glass with a minimum of three bumps and a hole in the center. The three or more bulges are connected and are one piece of blown glass, according to Mr. Ellis. Exhibit A was described by the witness as having one bulge per piece of glass and being cylindrical with a hole through the center. The glass articles are in the shape of a cattail and for lack of a better name are always referred to as glass bead cattails or glass bead sprays. This designation is utilized by the trade.

Defendant called John Hayden, assistant to the president and vice president of Pennock Florists, Inc., as a witness on its behalf. Mr. Hayden appeared pursuant to a subpoena duly served upon him. Mr. Hayden testified that he has purchased articles such as plaintiff's exhibits 1, 2 and 3 as an icicle from the plaintiff's salesman, Mr. O'Hara. Defendant's exhibit A was considered by the witness as beads since it is round, strung and can be draped or shaped to an object. The witness would not accept as a good delivery plaintiff's exhibits 1, 2 or 3 as beads. The glass portions of exhibits 1, 2 and 3 were considered by Mr. Hayden to be glass ornaments and he has never had occasion to utilize them separately from the icicle or spray. The witness has used beads in his work and beads are round and a single object. He has used colored glass tubes but has never considered them to be beads. If the witness was designing a centerpiece or door wreath, he might employ the imported merchandise as an icicle. He purchases the merchandise by item number and designates them icicles. The bills however are by item number. The witness further indicated that if he were requested to prepare a glass bead cattail, he would use a rolled, smooth glass tube and not merchandise similar to plaintiff's exhibits 1, 2 or 3.

Mr. Ellis, recalled in rebuttal, testified that his company sells icicles which are usually cone shaped and made for hanging which resemble an icicle. Exhibits 1, 2 and 3 to his knowledge are not known or sold as icicles. The term "icicle" in trade terminology is an article resembling an icicle and such article has a different item number.

Counsel for the parties attribute different meanings to the statutory language "Christmas ornaments of glass: Beads." Plaintiff contends the language should be read as if the colon were not there. Defendant contends the language should be interpreted to mean beads which are Christmas ornaments of glass. I note that the classification under item 545.85, *supra*, is under "other." In the field of customs jurisprudence, the cases have consistently held that such language is subject to the interpretation placed upon it by defendant. The classified provision would then cover Christmas ornaments of glass other than beads. However, no matter which interpretation is placed upon the language involved, the issue presented is whether the glass portion of the imported articles, containing a minimum of three bumps, is a bead.

As commercial designation of the term "bead" is not claimed, the common meaning of the term governs. *Sears, Roebuck and Co.* v. *United States*, 46 CCPA 79, C.A.D. 701 (1959). In determining the common meaning, the courts may rely upon lexicons. *Atlantic Aluminum & Metal Distributors, Inc.* v. *United States*, 47 CCPA 88, C.A.D. 735 (1960). The common meaning to be given to a term or word used by Congress in a tariff provision is a question of law to be determined by the court. Testimony of witnesses is merely advisory and not binding on the court. *United States* v. *National Carloading Corp., James S. Baker Import Co.*, 48 CCPA 70, C.A.D. 767 (1961).

The court in the case of *Eitinger Bead Co., Inc.*, and *Lawrence Frankel & Co.* v. *United States*, 24 Cust. Ct. 428, Abstract 54251 (1950), in determining the proper classification of an importation of hollow glass round articles of 6 and 7 millimeters and which were strung, considered the following definitions:

> Webster's New International Dictionary, Second Edition (1948):
>
> bead, n. 2. a A small perforated ball strung with others, * * *.b A similar ball or polyhedron used on fabrics or as jewelry in strings.
>
> Funk & Wagnalls New Standard Dictionary, 1942:
>
> bead, n. 1. A little perforated sphere, ball, cylinder, or the like, usually strung on a thread or attached to a fabric for decoration.

While the above definitions relate to round, cylindrical or polyhedron shapes, the court has held other shapes to be beads. *A. W. Fenton Co.* v. *United States*, 51 Treas. Dec. 1030, Abstract 1663 (1927), involved

small cylindrical articles resembling a short section of pipe. *United States* v. *Judae & Co.*, 13 Ct. Cust. Appls. 164, T.D. 41024 (1925), involved individual colored beads composed of wood or glass in the style of crystal roundels or disks. *United States* v. *General Transport Co.*, 22 CCPA 446, T.D. 47440 (1934), involved certain small perforated animal-shaped articles composed of mother-of-pearl.

It is to be observed that the merchandise held to be beads in the foregoing cases all were small individual articles. While the term "small" is a relative term, so also is the term "long." In the case of *Rice, Bayersdorfer Co.* v. *United States*, 3 Cust. Ct. 438, Abstract 42424 (1939), certain long glass tubes with bulges, apparently similar to the involved glass except as to length, the bulges were found by the court not to be beads. Plaintiff herein does not contend the individual bulges are beads but that the glass tubes containing a minimum of three bulges constitute a bead.

I am of the opinion that the glass tubes containing the bulges, while simulating beads, are not in fact within the common understanding of that term.

The action is therefore dismissed. Judgment will be entered accordingly.